UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KARLA LEON,                                          :
                                   Plaintiff,        :
                                                     :
            -against-                                :           18 Civ. 10983 (LGS)
                                                     :
                                                     :           ORDER
CLEANSOURCE INC., et al.,                            :
                                   Defendants.       :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the Order dated August 29, 2019 (the "Settlement Approval Order"),

approved the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc*.,

796 F.3d 199, 206-07 (2d Cir. 2015). The Settlement Approval Order did not explicitly retain

jurisdiction over the settlement and did not incorporate the settlement's terms. The Settlement

Approval Order included the language that, "[i]n light of the settlement, the Clerk of Court is

respectfully directed to close this case." After the Settlement Approval Order was issued, the

Clerk of Court closed the case.

      WHEREAS, on July 14, 2024, Plaintiff moved for entry of judgment and for the Court to

enforce the settlement agreement.

      WHEREAS, the July 29, 2024, Order denied Plaintiff's motion because the Court had not

retained jurisdiction over the settlement when it approved the parties' executed FLSA settlement

and advised Plaintiff that she would have to seek enforcement in a court with jurisdiction.

      WHEREAS, on August 11, 2024, Plaintiff moved for reconsideration of the July 29,

2024, Order.

      WHEREAS, "[a] party may move for reconsideration and obtain relief only when the

party identifies an intervening change of controlling law, the availability of new evidence, or the

need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021).[1]  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Suarez v. United States*, No. 17 Civ. 133, 2022 WL 1078436, at *2 (S.D.N.Y. Apr. 11, 2022).  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).  "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020); *see also Suarez*, 2022 WL 1078436, at *2 ("A motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.").

WHEREAS, the motion for reconsideration is construed to seek reconsideration based on clear error.  However, the July 29, 2024, Order correctly concluded that the Settlement Approval Order resulted in the Court's lacking jurisdiction over disputes regarding the enforcement of the settlement agreement.

WHEREAS, Plaintiff first argues that a stipulation of dismissal was not filed, the Settlement Approval Order did not dismiss the case and the Settlement Approval Order's

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, emphases, footnotes and citations are omitted, and all alterations are adopted.

directive to the Clerk of Court to close the case was merely an administrative formality. The argument that the stipulation of dismissal was never filed was previously raised in Plaintiff's motion for entry of judgment and was rejected by the July 29, 2024, Order. The Settlement Approval Order did dismiss the case because it did not leave any claims or issues "open, unfinished or inconclusive." *U.S. ex rel. Polansky v. Pfizer, Inc*., 762 F.3d 160, 163 (2d Cir. 2014) (explaining that evaluating whether an order is a final order depends on a "practical rather than a technical" assessment). In an analogous situation, the Second Circuit held that a FLSA settlement approval order, despite the parties having never filed a stipulation of dismissal, resulted in a final order for the purpose of appeal where it was clear that the parties and the order intended to dismiss the case. *Fisher v. SD Prot. Inc*., 948 F.3d 593, 599 n.4 (2d Cir. 2020).

WHEREAS, here, the Settlement Approval Order approved the settlement, and no claims remained unresolved. The settlement agreement includes language stating that Plaintiff understands that she will not receive any of the settlement consideration until she has executed the agreement and discontinued the case with prejudice. It also states that Plaintiff releases all claims against Defendants. This language -- suggesting that the agreed upon next step prior to payment was dismissal -- and the fact that approval of the settlement agreement disposed of all pending claims support the conclusion that the Court and parties intended to dismiss the case after approval of the settlement, as was the case in *Fisher*. *See also Charney v. Wilkov*, 734 F. App'x 6, 9 (2d Cir. 2018) (summary order) (finding a final judgment for the purpose of appeal where "the district court closed the case without intimating an intent to take any further action as to the undecided claims").

WHEREAS, other courts in this district have also considered FLSA cases to be dismissed after approval of a settlement and without a stipulation of dismissal. *See, e.g.*, *Banegas v. Mirador Corp*., No. 14 Civ. 8491, 2021 WL 1022614, at *3 (S.D.N.Y. Mar. 17, 2021); *Melchor*

*v. Eisen & Son Inc.*, No. 15 Civ. 113, 2016 WL 3443649, at \*11 (S.D.N.Y. June 10, 2016).  In *Melchor*, the court approved a settlement agreement using the language, "Given the Court's approval of the parties' settlement, the Clerk of Court is directed to close this case on the Court's docket."  2016 WL 3443649, at \*12.  The plaintiffs later contended that the dismissal was premature because the settlement agreement had not yet been executed, and the court agreed and reopened the case, but at no time was there a dispute that the approval of settlement dismissed the case.  *Id.* at \*11-12.  Likewise, in *Banegas*, the court approved a settlement agreement using the language, "Finding the settlement, in its present form, fair and reasonable, the Court hereby approves the settlement," but without other language to close or dismiss the case.  Memorandum & Order, *Banegas v. Mirador Corp.*, No. 14 Civ. 8491 (S.D.N.Y. May 17, 2017), ECF No. 34, 1. The case was then terminated by the Clerk of Court.  Plaintiff moved to enforce the settlement, and the court held that there appeared to be no jurisdiction over enforcement because jurisdiction was not explicitly retained in the order; the court did not question that the approval order dismissed the case.  *Banegas*, 2021 WL 1022614, at \*2-3.  Both *Melchor* and *Banegas* further support the proposition that an order approving a FLSA settlement serves to dismiss the case, even without explicit dismissal language and without the filing of a stipulation of dismissal.

WHEREAS, Plaintiff cites inapposite cases to argue that this case has not been dismissed.  Plaintiff cites cases about orders issued after the parties were sent to arbitration, which hold that the closure was an administrative convenience that did not result in dismissal of the case or a final order for the purposes of appeal.  *See Filanto, S.p.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 61 (2d Cir. 1993); *Bernardino v. Barnes & Noble Booksellers, Inc.*, 763 F. App'x 101, 103 (2d Cir. 2019) (summary order).  In both cases, the claims before the court remained unresolved until the conclusion of the arbitration, and the court interpreted the motions as motions to stay and not to dismiss the cases.  *Filanto, S.p.A*, 984 F.2d at 61 (noting the defendant

4

moved to stay pending arbitration and the district court had not yet adjudicated the complaint); *Bernardino*, 763 F. App'x at 103-04 (noting that "the district court repeatedly made clear that it interpreted [the] motion as a motion to stay all proceedings pending arbitration" and that "a district court is required to enter a stay when a party has so requested and all claims have been referred to arbitration").  Here, the claims are not unadjudicated, and unlike in the arbitration context, nothing suggests that the parties intended to seek a stay instead of dismissal when they sought court approval of their settlement agreement.

WHEREAS, Plaintiff also argues that the Court never lost jurisdiction because the Court approved the settlement agreement, which contains language reflecting the parties' intent for the Court to retain jurisdiction over enforcement of the settlement.  This argument is unpersuasive as it is well settled that a court cannot enforce a settlement agreement absent an independent basis for jurisdiction.  *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015); *accord Lei v. Haryin Inc.*, 644 F. Supp. 3d 1, 3-4 (S.D.N.Y. 2022).  A court has such jurisdiction if it "either (1) expressly retain[s] jurisdiction over the settlement agreement, or (2) incorporate[s] the terms of the settlement agreement in the order."  *Hendrickson*, 791 F.3d at 358.  A court's "mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *accord Lei*, 644 F. Supp. 3d at 4 (collecting cases).  The Settlement Approval Order here neither expressly retained jurisdiction nor incorporated the terms of the settlement.  The Court lacks jurisdiction to enforce the settlement agreement.  It is hereby

**ORDERED** that Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. 55.

Dated: August 23, 2024
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE